## 76621. WHITT v. THE STATE.
(370 SE2d 848)

CARLEY, Judge.

After a bench trial, appellant was found guilty of aggravated assault but mentally ill. Appellant appeals from the judgment of conviction and sentence entered by the trial court on its finding of guilty but mentally ill. In his sole enumeration of error, appellant raises the general grounds. He urges that the evidence demanded a finding that, at the time of the crime, he could not distinguish right from wrong.

At trial, there was expert opinion testimony that appellant suffered from chronic schizophrenia. There was also lay testimony that appellant had acted somewhat crazed on the day of the crime. There was, however, no affirmative evidence that appellant lacked the ability to distinguish between right and wrong at the time he committed the act. "In reviewing a verdict of guilty but mentally ill in a case where the defense is not guilty by reason of insanity, this court determines whether, construing the evidence in favor of the verdict, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime. [Cit.] The only two situations authorizing a verdict of not guilty by reason of insanity are where the defendant does not have the ability to distinguish between right and wrong at the time of the crime, OCGA § 16-3-2, and where at the time of the crime the defendant acted under a delusional compulsion which overmastered his will to resist committing the crime, OCGA § 16-3-3. We conclude that under the foregoing evidence, a rational trier of fact could have found that the defendant did not show by a preponderance of the evidence that [he] was legally insane at the time of the [crime].

[Cits.]" *Caldwell v. State*, 257 Ga. 10, 11 (1) (354 SE2d 124) (1987). See also *Wilson v. State*, 257 Ga. 444, 449 (11) (359 SE2d 891) (1987). Compare *Stevens v. State*, 256 Ga. 440 (350 SE2d 21) (1986).

Based upon a review of the entire record, we find from the evidence produced at trial that a rational trior of fact could have found appellant guilty but mentally ill beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1988.

*Robert G. Rubin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, L. Dee Williams, Assistant District Attorneys*, for appellee.