43783. PARTRIDGE v. THE STATE.
(351 SE2d 635)

SMITH, Justice.

A DeKalb County jury found the appellant, Robert Partridge, competent to stand trial for the murder of his mother, Mrs. Rebecca Goolsby. A second DeKalb County jury found him guilty of murder but mentally ill. He raises four issues on appeal. We affirm.[1]

Partridge built an exemplary high school record in the Chamblee area in the mid-1960s. He subsequently attended and failed out of Ohio State University. After his brush with college, he served in the infantry in Vietnam. When he returned from college and the war, his friends and family perceived that he had lost all of his ambition and self-respect.

Partridge bounced from job to job, living with his mother and his step-father in Doraville. On August 27, 1985, he and his mother had an argument over the choice of radio stations for household listening. He wanted to listen to a rock music station, and she wanted to listen to religious programming. She turned the dial to her favorite station and started to take a bath.

Partridge, enraged, took a pistol from his room, opened the bathroom door, and shot his mother six times, killing her. He left the

---

[1] The crime was committed on August 27, 1985. The DeKalb County jury returned its verdict of guilty on April 18, 1986. A motion for new trial was filed on May 14, 1986 and a transcript of evidence was filed June 9, 1986. Motion for new trial was overruled on July 16, 1986 and a notice of appeal filed July 31, 1986. The record was docketed in this Court on August 11, 1986 and the case was submitted on September 26, 1986.

bathroom, placed the pistol back in his room, and called the police to report a homicide. When the police arrived, he told them that he must have shot his mother, because he was the only one there.

1. Partridge contends that the evidence before the first jury demanded a finding of incompetence, and that the trial court, thus, should have granted his motion for a new trial.

At the competency trial, one pychiatrist questioned Partridge's ability to effectively participate in the defense to the murder charge lodged against him. Another psychiatrist testified that Partridge appeared sufficiently lucid to ably assist in defending against the murder charge. "The trial on the issue of mental competency contemplated by OCGA § 17-7-130 (a) (Code Ann. § 27-1502) is in the nature of a civil proceeding and the defendant has the burden to prove incompetency by a preponderance of the evidence. *Baker v. State*, 150 Ga. 287, 289 (297 SE2d 9) (1982)." *Lindsey v. State*, 252 Ga. 493, 496 (314 SE2d 881) (1984). In this case, the evidence was in conflict, therefore the jury was certainly entitled to find Partridge competent, and the trial court correctly denied Partridge's motion for a new trial. We find no error.

2. Partridge asserts that the trial court erred in refusing to charge the competency jury as to the consequences of its verdict.

The court charged the jury, "In the event it is determined that [Partridge] is mentally competent to stand trial, then the case will be tried before another jury. You would not try that case. In the event that it is found that he is not mentally competent to stand trial, the trial would be postponed until and unless he is later found mentally competent to stand trial." This charge adequately informed the jury as to the consequences of its verdict. See OCGA § 17-7-130. We find no error.

3. Partridge claims that the evidence in the trial on the merits did not support a guilty verdict. The conflicting evidence as to Partridge's sanity at the time of the crime certainly supported the jury verdict, unlike the evidence in *Stevens v. State*, 256 Ga. 440 (350 SE2d 21) (1986). The remaining evidence overwhelmingly supported the jury verdict under the standard set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Partridge finally contends that the trial court erred in refusing to charge the jury on the law of voluntary manslaughter.

Partridge claims that his mother's actions were sufficiently contentious, considering his fragile mental state, to excite in him "sudden, violent, and irresistible passion," entitling him to a charge on voluntary manslaughter. OCGA § 16-5-2. In light of the fact that the legislature has prescribed an objective standard for determining when a defendant is entitled to a charge on voluntary manslaughter, we cannot say that the argument over radio tuning in this case entitled

Partridge to such a charge. We find no error.
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 1987.

*Carl P. Greenberg*, for appellant.
*Robert E. Wilson, District Attorney, John H. Petrey, Susan Brooks, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.