## 74393. POPE v. THE STATE.
(362 SE2d 123)

BEASLEY, Judge.

Pope was charged with two counts of theft by taking a motor vehicle, burglary, possession of less than one ounce of marijuana, and possession of a firearm by a convicted felon. After indictment, Pope's attorney, Remick, filed a petition for a psychiatric examination which was granted by the court with direction that the findings be returned to it. On the date trial was set, Remick filed a special plea of incompetency to stand trial pursuant to OCGA § 17-7-130. At arraignment, Pope engaged another lawyer, Garland, and entered guilty pleas to the first three counts.

Six weeks later Pope, through yet a third attorney, Smith, filed an amended petition to withdraw his guilty pleas and an extraordinary motion for new trial on the grounds that the pleas were not knowingly, intelligently and voluntarily entered because he was mentally incompetent at that time, and that the judgments and sentences imposed on the pleas were invalid because the special plea of incompetency was still pending at the time of the pleas. The trial court overruled the petition and appeal was taken to this Court. In *Pope v. State*, Case No. 70294, decided September 6, 1985, and not officially reported, this Court, in a two-judge decision with one judge concurring specially, determined that federal constitutional requirements mandated that allegations in Pope's petition be determined under OCGA § 17-7-130 (a) in regard to his competency to enter his guilty pleas. Accordingly, the case was remanded for further proceedings.

The trial court conducted a hearing to ascertain if there was evidence capable of production as to defendant's mental state at the time he entered the guilty pleas. It subsequently entered an order finding that there was evidence of a nature and quality that would allow a jury to determine Pope's mental capacity at the time of the pleas and ordering that the issue of mental competency proceed to a jury trial. Defendant made an extraordinary motion for the court to reconsider the order on the basis that he had been unable to locate a doctor whose testimony was assertedly crucial in making the determination as to his competency. After hearing argument, the court denied the motion. The issue was tried before the jury, which found against the plea of incompetency, and the court entered final judgment thereon; it is appealed.

Appeals from adverse determinations in competency trials have been held to be interlocutory in nature and therefore subject to the procedure of interlocutory review including the ten-day certificate. See, e.g., *Watson v. State*, 229 Ga. 787, 789 (1) (194 SE2d 407) (1972); *Spell v. State*, 120 Ga. App. 398 (170 SE2d 701) (1969). However, in this case the admissions of guilt for the substantive offenses having

occurred and the denial of the motion to withdraw the pleas and the extraordinary motion for new trial having gone up on appeal, the judgment from the competency trial is a final one. In fact the prior opinion stated: " 'If the jury finds that the appellant was not mentally competent at the time of his trial, the [guilty pleas] in the main case must be set aside. On the other hand, if the appellant fails by a preponderance of the evidence to prove incompetence at the time of his trial, the [pleas] of guilty shall stand.' " Since final judgment was entered allowing the pleas to remain in force and effect, direct appeal is proper.

1. In three separate enumerations of error, Pope asserts the general grounds, reviewing the evidence at the competency trial.

The trial of a special plea of insanity or mental incompetency is in the nature of a civil proceeding. *Banks v. State*, 246 Ga. 178, 181 (3) (269 SE2d 450) (1980). In our consideration of the general grounds we would not have the discretion to grant a new trial if there is any evidence to support the verdict. OCGA §§ 5-5-20; 5-5-21; see the cases annotated. In such a proceeding, the burden of producing evidence is on the defendant. *Banks v. State*, supra. There was evidence to support the verdict of competency.

2. In enumerations four and five, appellant maintains that the court erred in ordering the case for a jury trial on the special plea and in denying his motion to reconsider the order because he claims that "a nunc pro tunc determination of competency two and one-half years after his guilty pleas is a denial of due process of law afforded to him under the Constitution of the State of Georgia, and of the United States." He claims that this was a denial in particular because he was unable to locate the doctor who examined him during his two-week stay at Central State Hospital just prior to his guilty pleas. He claims the doctor had gone back to Turkey.

Appellant's reasons for need of this evidence were that "the testimony of the doctor was crucial for a determination of the effect of an abrupt withdrawal from Haldol, plus the fact that the doctor would be examined as to why he prescribed Haldol and the dosage that he prescribed."

To begin with, the state stipulated to the medical records from Central State Hospital, so the jury had the benefit of those records, including the final summary format prepared by Dr. Pamir, the physician in question, which included defendant's reason for admission, past history, mental and physical status, laboratory, x-ray and consultation reports, treatment and hospital course, condition on release, final diagnosis, recommendations and prognosis. Included was the prescription of Haldol, the dosage, the reduction of it, the reason therefor, and the results thereof. Even assuming that the doctor could adequately remember two and one-half years later in any greater de-

tail the reason for prescribing the Haldol, there was no showing that such testimony would materially affect the question of defendant's competency at that time, particularly since the complete medical record was in evidence. As to evidence about the effects, if any, from an alleged "abrupt withdrawal from Haldol" such testimony was obtainable from other experts in the field, and in fact was elicited from another physician. The appellant has failed to demonstrate how he was harmed by the unavailability of the doctor, i.e., how the doctor's testimony would have contributed to showing incompetency at the time of the pleas. See *Smalls v. State*, 153 Ga. App. 254 (265 SE2d 83) (1980).

The asserted denial of due process because of the passage of time from the entry of the pleas to the determination of competency has been decided adversely to him. *Baker v. State*, 250 Ga. 187 (297 SE2d 9) (1982).

3. Appellant next enumerates error in the denial of his motion in limine seeking to prohibit the introduction of the guilty plea transcript.

The substantive charges were not at issue in the competency trial. The sole issue was whether or not Pope at the time of the pleas was capable of understanding the nature and object of the proceedings against him. *Brown v. State*, 256 Ga. 387, 388 (349 SE2d 452) (1986). What transpired during the pleas was therefore not only relevant but critical on the sole question before the jury.

The transcript showed that defendant was represented by attorney Garland and entered pleas of guilty to the first three counts of the indictment. Defendant's father was present, spoke to the court on behalf of his son, and stated he believed his son understood what he was doing in entering the pleas. Defendant responded lucidly to all of the court's questions and himself explained what he had done so as to constitute a factual basis for the pleas. He stated that he was entering the pleas freely and voluntarily. In responding to whether he was under the influences of any alcohol or drugs, he said he had just been prescribed and taken Mellaril but nevertheless realized and fully understood what he was saying. The plea negotiations were described, and the court imposed a commensurate sentence.

Appellant further complains that the issue of incompetency should have been tried prior to the entry of his pleas. The fact that this was not the case was due to defendant's own actions, i.e., his desire to enter the pleas at the time that he did. He could have insisted on the jury determination of competency prior to his pleading or going to trial on the substantive offenses. Post-judgment determination of a special plea of incompetency has been permitted by our Supreme Court in its consideration of federal constitutional requirements. See *Baker v. State*, supra.

4. Lastly, appellant complains that the court erred in allowing the state to elicit testimony from his father about the consequences of the outcome of the trial of the special plea, and in denying his motion for mistrial based on such testimony. The court allowed the line of questioning and the testimony and denied the mistrial on the basis that it was relevant as to the credibility of the witnesses.

The court fully instructed the jury it was not to be concerned with the result of its verdict but could consider a witness' understanding of the effect of the verdict in determining the witness' credibility, i.e., motive or interest in the outcome of a suit. Interest of a witness in a case is at issue in passing on credibility. See, e.g., *Dunagan v. Elder*, 154 Ga. App. 728 (270 SE2d 18) (1980). The party's clear interest in the outcome of the suit coupled with the court's cautionary instructions in that regard do not illustrate any prejudice to defendant which would outweigh the relevance of the testimony.

The effort to avoid the consequences of the pleas is meritless, and the jury's verdict as reduced to judgment is affirmed.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1987.

*Joseph L. Smith*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Assistant District Attorney*, for appellee.