## A00A0439. STANLEY v. THE STATE.
### (530 SE2d 506)

JOHNSON, Chief Judge.

Yancey Stanley was charged with armed robbery, aggravated assault, burglary, theft by taking, arson and giving a false name. He pled not guilty by reason of insanity, asserting that he could not distinguish between right and wrong at the time of the crimes. The case was then tried before a judge sitting without a jury. On the second day of trial, Stanley's lawyer moved to suppress evidence seized from Stanley after his arrest. The judge denied the motion as untimely. After hearing all the evidence, the judge found Stanley guilty but mentally ill. Stanley appeals, claiming that the court erred in denying his motion to suppress and in finding him guilty but mentally ill.

1. On appeal from a verdict of guilty but mentally ill, we review the evidence in the light most favorable to the state and then determine if a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime.[1]

Construed in favor of the state, the evidence in this case shows that on April 28, 1998, Stanley broke a basement window of a house in Whitfield County and then entered the house through the window. At about 4:50 that afternoon, Justin Fetzer, who lives in the house with his parents and sister, arrived home from high school. When he went into the house, he was confronted by Stanley, who had been hiding behind a couch. Stanley pointed a shotgun at Fetzer and ordered him to lie on the floor and throw his car keys to the side. After Fetzer complied, Stanley ordered him to get up, go outside and run into the nearby woods. Fetzer again complied with Stanley's orders. Once in the woods, Fetzer hid and watched as Stanley went back inside the house, came out and then drove away in Fetzer's 1986 Ford Bronco.

Around midnight on April 29, two reserve deputies with the Bradley County Sheriff's Department in Tennessee were on patrol

---

[1] *Fuss v. State,* 271 Ga. 319, 320 (1) (519 SE2d 446) (1999).

near the state line between Georgia and Tennessee. They had been notified that a suspicious and possibly intoxicated person was in the area. They encountered Stanley walking along a roadway less than half a mile inside the Georgia line. When the deputies stopped their patrol car and activated the car's blue lights, Stanley ran up an embankment into the woods. The deputies searched the area and found Stanley hiding in some weeds. The deputies detained Stanley, who identified himself as Matthew Kimball Stanley, and they contacted the Whitfield County Sheriff's Department for assistance.

About ten minutes later, two Whitfield deputy sheriffs arrived. Stanley identified himself to them by a name other than the one he had given to the Bradley deputies and later gave the Whitfield officers a third name but did not give his real name. At that point, the Whitfield deputies arrested Stanley for giving a false name. The deputies searched Stanley and found a wallet, money, jewelry, watches and a cap that had been stolen from the Fetzers. That same morning, the Whitfield Sheriff's Department found Justin Fetzer's Ford Bronco, which had been burned.

In his defense, Stanley introduced evidence that he has a history of mental illness. He also presented a psychiatrist who testified that in her opinion Stanley did not understand the difference between right and wrong on the date of the crimes. A state psychologist gave contrary testimony, stating his opinion that Stanley could differentiate between right and wrong at the time of the crimes.

The trial court, sitting as the factfinder, was not compelled to accept Stanley's evidence that he was mentally ill but was authorized to find proof of Stanley's ability to distinguish between right and wrong based on the testimony of the state's psychologist, as well as the words, conduct, demeanor, motive and other circumstances connected with Stanley's acts.[2] Moreover, the court was authorized to rely on the presumption of sanity in OCGA § 16-2-3 because the evidence of insanity was not overwhelming.[3]

Having reviewed all the evidence, we conclude that a rational trier of fact could have found that Stanley did not show by a preponderance of the evidence that he was legally insane at the time of the crimes and the trial court's verdict of guilty but mentally ill was supported by sufficient evidence.[4]

2. A defendant must file a written motion to suppress before or at his arraignment, unless the time to file has been extended by the judge.[5] If the motion is not timely filed or an extension is not

---

[2] See id.

[3] See *Rodriguez v. State*, 271 Ga. 40, 42 (1) (518 SE2d 131) (1999).

[4] See *Whitt v. State*, 187 Ga. App. 599-600 (370 SE2d 848) (1988).

[5] *Hatcher v. State*, 224 Ga. App. 747, 748-749 (1) (482 SE2d 443) (1997); *Baseler v. State*,

obtained, the motion is waived.[6]

In the instant case, Stanley did not file a written motion to suppress by the time of his arraignment and did not get an extension from the court to file the motion later. Instead, he made his motion to suppress on the second day of trial shortly before the state closed its case. Under these circumstances, the trial court did not abuse its discretion in denying Stanley's motion to suppress on the basis that it was untimely.[7]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 3, 2000 —

*McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams*, for appellant.

*Kermit N. McManus, District Attorney*, for appellee.

---

213 Ga. App. 822 (1) (446 SE2d 250) (1994).

[6] *Hatcher*, supra.

[7] See *Montgomery v. State*, 204 Ga. App. 534, 536 (2) (420 SE2d 67) (1992) (motion to suppress untimely when made at the close of the state's case); see also *Thompson v. State*, 195 Ga. App. 18, 20-21 (2) (392 SE2d 732) (1990) (motion to suppress untimely when filed on the day of trial).