### S00A1097. STOWE v. THE STATE.
(536 SE2d 506)

CARLEY, Justice.

After being charged with several offenses, Jimmy Wayne Stowe pled guilty to violating the Georgia Controlled Substances Act. He was tried on the remaining charges, and a jury found him guilty of both felony and malice murder in connection with the homicide of his wife, and of possessing a firearm during the commission of that crime. The trial court properly entered judgments of conviction only on the malice murder and firearm possession verdicts, since the felony murder verdict was vacated by operation of OCGA § 16-1-7. *Goforth v. State*, 271 Ga. 700 (523 SE2d 868) (1999); *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993). The trial court sentenced Stowe to life imprisonment on the murder charge and to a consecutive five-year term for the firearm possession offense. The trial court denied Stowe's motion for new trial, and he appeals.[1]

1. Stowe contends that there was not sufficient evidence for a rational trier of fact to find him guilty of the crimes alleged in the indictment. He relies upon his defense of accident and upon conflicts in the testimony.

Construed most favorably for the State, the evidence shows that, in the weeks preceding the murder, Stowe made many threats of violence against his wife, several of which she reported to the sheriff's department. One repeated threat was that he would "blow her brains out." On the night of the homicide, two officers responded to a call from Stowe regarding a suicide attempt. After they arrived, Stowe repeatedly made various statements which indicated that he had caused some serious problem. The police then found the body of Stowe's wife with a large portion of her skull and brain destroyed by a gunshot.

The jury was not required to believe Stowe's testimony that the shooting was accidental, if his explanation was inconsistent with the

---

[1] The crimes occurred on March 23, 1998. The grand jury returned its indictment on June 4, 1998. The jury found Stowe guilty on November 4, 1998, and, on the same day, the trial court entered the judgments of conviction and sentences. Stowe filed a motion for new trial on November 30, 1998, and amended it on September 29, 1999. The trial court denied that motion on October 6, 1999, granted an out-of-time appeal on February 28, 2000, and Stowe filed his notice of appeal on the same day. The case was docketed in this Court on March 21, 2000 and submitted for decision on May 15, 2000.

State's evidence to the contrary. *Hayes v. State*, 268 Ga. 809, 811 (1) (493 SE2d 169) (1997). Stowe testified that, after looking for a possible intruder, he lay down with the rifle, which accidentally discharged while he was asleep. However, expert testimony showed that a greater-than-normal 6¼ pounds of pressure was required to pull the trigger and that the rifle was fired at close range from above the victim through the portion of her head which was on the opposite side of the bed from the location where Stowe said he was lying. See *Laney v. State*, 271 Ga. 194, 195 (515 SE2d 610) (1999); *Owens v. State*, 270 Ga. 199, 200 (1) (509 SE2d 905) (1998); *Dixson v. State*, 269 Ga. 898 (1) (506 SE2d 128) (1998). Furthermore, Stowe testified that he did not lock the outside door after looking for an intruder and that he did not remember how he was lying on the bed or how the rifle was positioned. Accordingly, the jury could make an adverse assessment of Stowe's credibility and find that he acted with malice in shooting the victim. *Lawrence v. State*, 261 Ga. 647, 648 (409 SE2d 661) (1991); *Voyles v. State*, 249 Ga. 783, 784 (294 SE2d 502) (1982). The evidence was more than sufficient for a rational trier of fact to find, beyond a reasonable doubt, that Stowe was guilty of malice murder and possession of a firearm during the commission of the murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hayes v. State*, supra at 811 (1); *McGee v. State*, 267 Ga. 560, 562 (1) (480 SE2d 577) (1997). "Because the valid malice murder conviction operates to vacate the felony murder count by operation of law, we need not consider the sufficiency of the evidence as to that alternative charge. [Cit.]" *Goforth v. State*, supra at 701 (2).

2. At a hearing on Stowe's competency to stand trial, defense counsel presented testimony of Dr. Samuel Perri, a court-appointed psychologist, and moved for a directed verdict. The trial court found a jury issue and denied the motion. Stowe urges that his trial attorney rendered ineffective assistance by failing to renew the motion for directed verdict and to move for judgment notwithstanding the verdict. It appears that this Court has not yet expressly determined whether the right to effective assistance of counsel applies in the context of a criminal defendant's civil competency hearing. For purposes of this appeal, however, we will assume that the right is applicable.

A competency trial " 'is in the nature of a civil proceeding and the defendant has the burden to prove incompetency by a preponderance of the evidence. [Cit.]' [Cit.]" *Partridge v. State*, 256 Ga. 602, 603 (1) (351 SE2d 635) (1987). In a competency trial, as in other civil proceedings,

> a directed verdict is proper only where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall

*demand* a particular verdict[.]. . ." OCGA § 9-11-50 (a) (cit.). Thus, the question is not on whose behalf the evidence preponderates, it is whether a verdict is demanded as a matter of law. [Cit.]

(Emphasis in original.) *Lindsey v. State*, 252 Ga. 493, 497 (III) (314 SE2d 881) (1984). See also *Pope v. State*, 184 Ga. App. 547, 548 (1) (362 SE2d 123) (1987) ("any evidence" standard on appellate review of a verdict of competency).

"A criminal defendant is competent to stand trial if he is capable of understanding the nature and object of the proceedings and is capable of assisting his attorney with his defense. [Cit.]" *Stripling v. State*, 261 Ga. 1, 2 (401 SE2d 500) (1991). The State bolstered the presumption that Stowe was competent by presenting several employees of the Sheriff's Department, who testified that, after treatment, he ceased his previous disruptive behavior, could converse with them, and understood and followed instructions regarding his medication and other topics. See *Stripling v. State*, supra. Dr. Perri's opinion of incompetency was based upon a version of the commonly-used, although criticized, "McGarry" checklist. 3 Perlin, Mental Disability Law § 14.03, p. 214 (1989). With one exception, all of the 10 to 12 factors used by Dr. Perri indicated that Stowe was competent. Thus, Stowe was aware of the charges against him and the seriousness thereof, demonstrated the mental capabilities to be able to understand basic courtroom procedures and the roles of key court personnel, showed sufficient self-control so as to behave appropriately in the courtroom, and could describe the events that led to his arrest. Even though he was of the ultimate opinion that Stowe was not competent to stand trial, Dr. Perri also testified that it was a "close call" and that Stowe was "competent in all respects, with the exception of he didn't seem to have the realization that it was possible that he could be found guilty." This perception was based on Stowe's statement to Dr. Perri that the jury's role was to find him innocent. However, such a statement could indicate a high degree of confidence and optimism, rather than a lack of comprehension of the nature of the proceedings. Furthermore, Dr. Perri testified that Stowe's view of the possible outcomes of his trial could hinder the defense only if he was less zealous in assisting his attorney and refused to entertain some plea bargains. However, a defendant is competent to stand trial if he "understands the proceedings and can assist in his defense. . . . The question is not whether he will assist in his defense, but whether he is capable of doing so." *Banks v. State*, 246 Ga. 178, 181 (3) (269 SE2d 450) (1980).

In considering the McGarry test and similar ones, the trier of fact is not necessarily bound by any one factor. *State v. Shields*, 593

A2d 986, 1005, 1011 (Del. Super. 1990). " 'Ordinarily, the sufficiency of the reasons given by witnesses for their opinion as to a person's sanity or insanity cannot be determined as a matter of law by the court, but is a question for the jury.' [Cits.]" *Leonard v. State*, 157 Ga. App. 37, 39 (1) (276 SE2d 94) (1981). Where a defendant cannot satisfy all of the McGarry functions or other factors which are used to assess competency, the question for the factfinder is whether "enough are satisfied to allow the trial to go forward." *State v. Shields*, supra at 1011. Because the testimony in this case was conflicting, the jury was entitled to conclude from the evidence as a whole that Stowe was competent to stand trial. *Partridge v. State*, supra at 603 (1); *Lindsey v. State*, supra at 497 (III). Accordingly, the trial court correctly denied Stowe's motion for directed verdict, and would have been authorized to deny a renewed motion for directed verdict or a motion for judgment notwithstanding verdict. Because there were no valid grounds for Stowe's trial attorney to make either of these motions, his failure to do so did not deprive Stowe of the constitutional right to effective assistance of counsel. *Sims v. State*, 266 Ga. 417, 420 (4) (467 SE2d 574) (1996); *Hosick v. State*, 262 Ga. 432, 434 (1) (421 SE2d 65) (1992); *Ricks v. State*, 240 Ga. 853, 855 (1) (242 SE2d 604) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 10, 2000.

*Ledbetter, Little & Smith, Jesse L. Vaughn*, for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, W. Swain Wood, Assistant Attorney General*, for appellee.