A03A1132. PITTS v. THE STATE.
(587 SE2d 811)

ANDREWS, Presiding Judge.

Cornelius Pitts, convicted by a jury of aggravated sodomy, appeals, contending that the trial court improperly tried his jury trial in conjunction with the nonjury trial of his co-defendant, Willie Sims.

1. Viewed with all inferences in favor of the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was that, around 10:00 p.m. on August 13, 1998, several neighbors heard a woman screaming for help and saw two men and a woman struggling on the ground. The men were trying to get the woman's clothes off. At one point, the woman broke loose and ran out of the woods, but was grabbed and dragged back. One of the neighbors yelled she was going to call police and the men ran off. She went to the victim, M. G., who was scratched up, crying, had her clothes torn off, and appeared to be in shock.

M. G., who admitted that she was unemployed, had a $1,000 a day crack cocaine habit, and had done crack 30 minutes before the

incident, saw Bradford and Pitts walking toward her that evening and heard Pitts, an African-American, say "that's that white girl that lives on Dublin." Co-defendant Sims came up and joined Bradford and Pitts. Pitts then grabbed M. G.'s arm and said she was either going to give him a "piece of ass or a blow job." Bradford, at that point, walked a short distance away. When M. G. said no, Pitts hit her in the face and then Sims hit her. She was dragged into the woods, her dress torn, and Pitts forced his penis into her mouth while Sims held her down. Sims said he wanted a "piece of ass," so M. G. was flipped over and he attempted to enter her from behind. At this point, neighbors were gathering and one yelled she was calling the police.

Bradford and Sims then left the area, although Sims was caught by police in the neighborhood. M. G. later picked Pitts' photo out of a photo spread. Bradford, who did not assault M. G. and kept yelling for Pitts to leave her alone, also identified Pitts as participating in the assault.

The evidence of aggravated sodomy was legally sufficient. *Jackson*, supra.

2. Pitts, in two enumerations of error, contends that trying him before a jury jointly with co-defendant Sims, tried by the trial court without a jury, violated his due process rights and OCGA § 17-8-4. They are considered together.

Following the striking of the jury, the court announced that the case against Sims "is going to be tried before the Judge. So a jury is not being asked to decide the issue involving Mr. Sims. The jury will be asked to decide the case of Cornelius Pitts on a separate trial. I am going to hear the same evidence that the jury hears and make a separate determination in regard to Mr. Sims."

Asked if there were any motions, the State responded negatively and counsel for Pitts[1] stated, "Not at this time, Your Honor."

Following the lunch break and further proceedings represented by eight pages of transcript, counsel for Pitts stated, "before we start on the record again, I don't know whether we were on the record when I mentioned earlier, but I did request that the Court sever the two trials." The trial court then acknowledged that such a motion had been made prior to jury selection. The sole reason stated for the request for severance was that it was anticipated that Sims would attempt to introduce subsequent acts by Pitts which were not relevant and would prejudice Pitts before the jury. The motion for severance was denied because the trial court stated those issues would be dealt with as they arose. No such acts were introduced.

---

[1] New counsel was appointed for Pitts for this appeal.

During her opening statement on behalf of Sims, made in front of the jury as well as the trial court,[2] counsel stated that Pitts was the one "calling the shots" and that Sims was merely a follower. She also said Sims had the mind of a seven-year-old and an IQ of 45, while Pitts did not have that history. Following this, counsel for Pitts asked for a hearing outside the jury's presence, during which he moved for a mistrial on the ground that the statement "absolutely and unequivocally biased my client." He further argued that, because the statement referred to two doctors who had examined Sims regarding his competency, which evidence would not be heard by the jury, that "this is my concern about trying two defendants." The trial court noted that it was not uncommon for co-defendants to have antagonistic defenses, but held that this did not mean Pitts was entitled to either a severance or "especially not for a mistrial."

Pretermitting the timeliness of the objection,[3] the trial court, nonetheless, instructed the jury that it was not to take into account, in consideration of the case against Pitts, any references by Sims' attorney,

> to any other proceedings involving her client, except to say that Defendant Sims has been found competent to stand trial in this case, meaning he is capable of understanding the nature and object of the proceedings and he is capable of understanding his own situation in reference to the proceedings, and he is capable of giving his attorney such assistance as a proper defense of the charge demands.

No further motion for mistrial was made following this instruction, thereby waiving any error in denial of this motion. *Frazier v. State*, 247 Ga. App. 500, 502 (544 SE2d 198) (2001).

Regarding the constitutional violations enumerated, this argument has not been preserved for review because neither Pitts' motion for severance nor his subsequent motion for mistrial contained any constitutional ground. *Dyer v. State*, 257 Ga. App. 267, 268 (2) (570 SE2d 692) (2002); see *Heidler v. State*, 273 Ga. 54, 60 (7) (537 SE2d 44) (2000) (right to raise constitutional issue on appeal waived by not making argument below), cert. denied, 532 U. S. 1029 (121 SC 1979, 149 LE2d 771) (2001). Nor was this issue contained in his motion for a new trial, which would have, in any event, been too late. See

---

[2] The trial court had previously instructed the jury that opening statements were not evidence. Sims' counsel also told the jury in her opening that they were not deciding the case against her client.

[3] See *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489) (1999); *Sweeney v. State*, 233 Ga. App. 862, 865 (4) (506 SE2d 150) (1998) (objection must be made contemporaneously with claimed error).

*Aldridge v. State*, 237 Ga. App. 209, 212 (2) (515 SE2d 397) (1999) (raising arguments for the first time in a motion for new trial is too late and does not preserve the issue for appellate review).

OCGA § 17-8-4 provides that "[w]hen indicted for . . . a felony less than capital, . . . such [jointly indicted] defendants may be tried jointly or separately in the discretion of the trial court." The decision regarding whether to sever defendants' trials will not be disturbed absent the trial court's abuse of this discretion. *Nanthabouthdy v. State*, 245 Ga. App. 456, 457 (1) (538 SE2d 101) (2000). To be entitled to a severance, Pitts was required to make a clear showing of prejudice resulting from joinder of these trials amounting to denial of due process, rather than the mere possibility that a separate trial would improve his chance of acquittal. *Autry v. State*, 230 Ga. App. 773, 775 (3) (498 SE2d 304) (1998). No such prejudice has been shown here and denial of the motion to sever was not error. *Davis v. State*, 244 Ga. App. 345, 347 (4) (535 SE2d 528) (2000).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 22, 2003.

*Vicki E. Carter*, for appellant.

*Kenneth W. Mauldin, District Attorney, Patricia K. Atwill, Assistant District Attorney*, for appellee.