A04A0063. SIMS v. THE STATE.
(600 SE2d 613)

JOHNSON, Presiding Judge.

Willie Sims and Cornelius Pitts were indicted for aggravated sodomy. Sims entered a plea of incompetency to stand trial based on mental retardation. The issue of Sims' mental competency was tried before a special jury, which found Sims competent to stand trial. Thereafter, Sims and Pitts were tried together. Sims, however, waived his right to a jury trial and was tried by the court, while Pitts proceeded with a jury trial. The jury found Pitts guilty, and the court found Sims guilty but mentally retarded. The court sentenced both Sims and Pitts to serve ten years in confinement. Sims appeals.

1. Sims claims the special jury's finding that he is competent to stand trial is not supported by sufficient evidence. The claim is unfounded.

A competency trial is in the nature of a civil proceeding, and the defendant bears the burden of proving incompetency by a preponderance of the evidence.[1] "A criminal defendant is competent to stand trial if he is capable of understanding the nature and object of the proceedings and is capable of assisting his attorney with his defense."[2] On appeal, the standard of review of a competency verdict is whether there is any evidence to support the verdict.[3]

In the instant case, three expert witnesses testified at the competency trial. The defense called Michael Shapiro, a neuropsychologist who tested Sims and found that his intelligence quotient has remained at 45 or 46 since kindergarten. Shapiro testified that while Sims was competent in his knowledge of the charges against him, he was incompetent to participate or assist in his own defense. The defense also called Michael Singletary, a mental retardation

---

[1] *Stowe v. State*, 272 Ga. 866, 867 (2) (536 SE2d 506) (2000).
[2] (Citation and punctuation omitted.) Id. at 868 (2).
[3] Id.; *Pope v. State*, 184 Ga. App. 547, 548 (1) (362 SE2d 123) (1987).

specialist, who testified that a person with Sims' IQ of 45 has a 99 percent probability of being incompetent to stand trial.

The state called Suzanne Canning, a psychiatrist who had examined Sims and concluded that he was competent to stand trial. She found that Sims knew what crime he was charged with, knew the roles of the people involved in a trial, and understood the consequences if he were convicted. She believed that he could cooperate with his attorney and was capable of participating in the trial.

On appeal, Sims asks us to disregard the "any evidence" standard of review and to adopt instead a standard of review like that used with regard to a jury's finding of sanity in a criminal case.[4] We cannot do that. As a court of intermediate review, we are bound by the holdings of this state's Supreme Court and may not ignore that Court's clear recognition of "any evidence" as the appropriate standard of appellate review for a verdict of competency.[5]

Applying that standard to this case, it is apparent that the testimony of the state's expert witness, finding Sims competent to stand trial, supports the special jury's verdict of competency. Because there is some evidence in support of that verdict, it must be affirmed.[6]

2. Sims challenges the sufficiency of the evidence supporting his aggravated sodomy conviction. The challenge is without merit.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[7] We do not weigh the evidence or determine witness credibility, but determine only if there is sufficient evidence from which a rational trier of fact could have found the accused guilty of the charged offense beyond a reasonable doubt.[8]

Viewed in favor of the verdict, the evidence in the instant case shows that Sims, Pitts and another man approached the victim on a street in the city of Athens. When she began walking away from them, Sims and Pitts grabbed her, hit her, ripped her dress and pushed her to the ground. The two men then took turns putting their penises in the victim's mouth, and Sims tried to have sexual intercourse with her.

A witness to the assault called the police. As officers approached the scene with sirens blaring, Sims and Pitts jumped up and fled in

---

[4] See *Brown v. State*, 250 Ga. 66, 71-72 (2) (c) (295 SE2d 727) (1982) (standard of review for a jury's finding of sanity in criminal case is whether, after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove insanity by a preponderance of the evidence).

[5] *Stowe*, supra at 868 (2).

[6] See *Adams v. State*, 275 Ga. 867, 868 (3) (572 SE2d 545) (2002).

[7] *Grier v. State*, 262 Ga. App. 777 (586 SE2d 448) (2003).

[8] Id.; *Simmons v. State*, 262 Ga. App. 164 (585 SE2d 93) (2003).

different directions. A short time later, an officer found Sims on a nearby street. He took Sims back to the scene, where the victim and an eyewitness identified him as one of the perpetrators.

Sodomy is any sexual act involving the sex organs of one person and the mouth or anus of another.[9] A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person.[10] In this case, there is sufficient evidence from which a rational trier of fact could have found Sims guilty beyond a reasonable doubt of aggravated sodomy for having put his penis in the victim's mouth with force and against her will.

3. In two separate enumerations of error, Sims argues that the trial court improperly decided that the crime of aggravated sodomy does not require criminal intent and thereby erroneously abridged Sims' right to the affirmative defense of not guilty by reason of mental incapacity. The argument is specious because, contrary to Sims' claim, the trial court never decided that there is no requirement of criminal intent for the crime of aggravated sodomy.

On the contrary, the trial transcript plainly reveals that at the close of the evidence the judge told the lawyers to be prepared to address the issue of criminal intent at closing argument. Subsequently, the attorneys did just that, after which the judge made his written finding of guilt. While the judge's finding of guilt does not include an express finding as to the criminal intent required for the crime of aggravated sodomy, we must presume, in the absence of evidence to the contrary, that in reaching his determination of guilt the judge properly applied the law of criminal intention.[11]

"A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence."[12] The required intent does not mean an intention to violate a statute, but means an intention to commit the prohibited act.[13] A person is not presumed to act with criminal intention, but the trier of fact may find such intention by considering the words, conduct, demeanor, motive and other circumstances connected with the act in question.[14]

Based on all the circumstances connected with the assault in this case, the trial judge was authorized to find beyond a reasonable doubt

[9] OCGA § 16-6-2 (a).

[10] Id.

[11] *Hudson v. State*, 242 Ga. App. 218, 220-221 (3) (529 SE2d 218) (2000) (presumption that trial judge, acting as a public official, faithfully and lawfully performs the duties devolving upon him).

[12] OCGA § 16-2-1.

[13] *Schwerdtfeger v. State*, 167 Ga. App. 19, 20 (1) (305 SE2d 834) (1983).

[14] OCGA § 16-2-6.

that Sims acted with criminal intent to commit the prohibited act of aggravated sodomy by placing his penis in the victim's mouth with force and against her will.[15] Since there is no evidence that the trial court did not make this requisite finding, we find no error.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 11, 2004 —
RECONSIDERATION DENIED MAY 25, 2004 — 

*Jo Nesset-Sale*, for appellant.
*Kenneth W. Mauldin, District Attorney, Patricia K. Atwill, Assistant District Attorney*, for appellee.