Affirmed and Majority and Concurring Opinions filed June 30, 2009








 

Affirmed
and Majority and Concurring Opinions filed June 30, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00386-CR

____________

 

JUSTIN ANDREW KOSTURA, Appellant

 

v.

 

THE STATE OF
TEXAS, Appellee

 

 



 

On Appeal from the
263rd District Court

Harris County,
Texas

Trial Court Cause
No. 1131519

 



 

C O N C U
R R I NG   O P I N I O N








I
respectfully concur.  I agree with the majority that, on the record presented,
the trial court did not abuse its discretion by not conducting a sua sponte
competency inquiry because ultimately the evidence during trial did not suggest
or otherwise raise a bona fide doubt about appellant=s competency to stand trial.  See
Tex. Code Crim. Proc. Ann. art. 46B.004(b) (Vernon 2006).  The earliest
suggestion that appellant might be incompetent was during the sentencing process,
when appellant=s medical records showed a history of self-mutilation, hallucinations,
and psychiatric diagnoses such as schizoaffective disorder, impulse control
disorder, bipolar schizophrenia, and attention deficit hyperactive disorder. 
However, appellant=s testimonial performance at trial,[1]
as described in the majority=s opinion, is a reasonable confirmation that he did not lack
(1) a rational or factual understanding of the nature of the criminal
proceedings, or (2) the ability to provide meaningful assistance to, or consult
with, his lawyer.  See id. art. 46B.003(a) (Vernon 2006).

However,
in reaching this conclusion, we are obviously able to review appellant=s performance during trial
questioning through hindsight.  Trial courts, of course, do not have that
luxury.  They need tools to allow them prospectively to predict the need for a
more thorough competency inquiry.

To
assist trial courts in making this determination, the Court of Criminal Appeals
has offered a three-prong test: AGenerally, to raise the issue [of
incompetency], there must be evidence of recent severe mental illness or
bizarre acts by the defendant or of moderate retardation.@  Mata v. State, 632 S.W.2d
355, 359 (Tex. Crim. App. 1982).  Certainly, such evidence should be sufficient
to raise a bona fide doubt.  However, if the test mandates such
evidence, arguably as a prerequisite to an informal competency inquiry,
then the test may pose as many questions as it answers, including:

$          While there may be some
agreement that certain types of mental illness can be considered Asevere@ in nature, where is the line between
Asevere@ and only Amoderate@ mental illness?  Is it fair to ask
trial judges, who presumably lack medical or psychiatric training, to make this
determination?  








$          Can a court fairly
conclude, with any degree of confidence, that a once-ill (and potentially
incompetent) defendant is now competent simply because his symptoms did not
reappear immediately prior to trial?[2]  Why should
the mere passage of time, without more,[3] act to
discount or disqualify the impact of evidence of a severe mental disorder that
would otherwise compel a threshold inquiry as to competency?

$          In the absence of training
and adequate resources, how would a trial court determine the existence of Amoderate@ retardation?  Is a proper
determination dependent upon IQ testing and, if so, how does one account for
malingering or intentional underperformance?[4]








As the
Court of Criminal Appeals has observed, Awe cannot lose sight of the rationale
for requiring that the accused be competent to stand trial.  The requirement
that the accused be competent to stand trial is a fundamental component
of the accused=s right to a fair trial.@  Alcott v. State, 51 S.W.3d 596, 602 (Tex. Crim. App.
2001) (en banc) (emphasis in original) (citing Drope v. Missouri, 420
U.S. 162, 171B72 (1975)).  However, the current three-prong test may be less than
effective in achieving this result.  Therefore, it may be appropriate to
consider a more modern and practical competency analysis to better equip trial
judges to apply the statutory test for incompetency, that is, whether the
defendant has a functional understanding of the proceedings against him and a
sufficient present ability to consult with his attorney.  See Tex. Code
Crim. Proc. Ann. art. 46B.003(a).

For
example, other jurisdictions have suggested specific factors for trial courts
to consider in deciding whether a given defendant comprehends the nature of the
criminal proceedings and can adequately consult with his attorney.  See
State v. Guatney, 299 N.W.2d 538, 545 (Neb. 1980) (Krivosha, C.J.,
concurring) (proposing up to twenty factors to consider); see also Martin v.
State, 871 So. 2d 693, 697 (Miss. 2004) (five factors); Stowe v. State,
536 S.E.2d 506, 508B09 (Ga. 2000), overruled on other grounds by Sims v. State,
614 S.E.2d 73 (Ga. 2005) (discussing thirteen-point AMcGarry Scale@); State v. Garfoot, 558
N.W.2d 626, 632 n.7 (Wis. 1997) (same); State v. Shields, 593 A.2d 986,
1000 n.23 (Del. Super. Ct. 1990) (same).  Consideration of these factors might
be helpful in deciding not only how, but when, to conduct an informal inquiry. 
See Tex. Code Crim. Proc. Ann. arts. 46B.003(a), 46B.004(b).

Importantly,
consideration of those additional factors would not change the outcome in this
case because, as the majority explains, the appellate record affirmatively
demonstrates appellant=s familiarity with the criminal proceedings and his ability
to formulate an effective defense strategy with his counsel.  However, because
the current three-factor test may not capably enable trial judges to resolve
closer calls than this case, I respectfully concur.

 

/s/        Kent C. Sullivan

Justice

 

Panel
consists of Justices Yates, Guzman, and Sullivan (Yates, J., majority).

 

Publish C Tex.
R. App. P. 47.2(b).

 









            [1]  Appellant
appropriately responded to questioning under both direct and cross examination,
was rarely non-responsive, and testified in accordance with the apparent
defensive strategy.





            [2]  In fact, courts
have deemed a time period of only nine months not to be sufficiently Arecent.@  See
Thompson v. State, 915 S.W.2d 897, 902 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d) (involving defendant with depression and suicide
attempts); see also Brown v. State, 129 S.W.3d 762, 766 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (holding that bona
fide doubt was not raised as to defendant with Ahistory of mental and behavioral problems. . . including
serious mental health issues@ because of a
lack of proof of incompetency in the year in which trial was held).





            [3]  Here, the record
reflects that appellant received some psychiatric treatment, including
medication and group therapy, after the onset of symptoms.





            [4]  See, e.g.,
Sanders v. State, No. 14-06-01130-CR, 2008 WL 2837330, at *3 (Tex. App.CHouston [14th Dist.] July 22, 2008, no pet.) (mem.
op., not designated for publication) (addressing case in which defendant scored
52 on an IQ test, within the range for Amoderate
retardation,@ because of his efforts to Aconceal whatever level of academic skills he possessed@); Bowser v. State, 816 S.W.2d 518, 524B25 (Tex. App.CCorpus
Christi 1991, no pet.) (holding trial court did not err in failing to hold
incompetency hearing for moderately retarded defendant with IQ score of 49).