NO. 12-09-00129-CR

 

                         IN
THE COURT OF APPEALS

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

DONALD RAY
BRONSON,                             §                 APPEAL FROM THE 159TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS







                                                      MEMORANDUM
OPINION

            Donald
Ray Bronson appeals his conviction for three counts of aggravated sexual
assault and one count of sexual assault.  In two issues, Appellant argues that
the trial court erred in not inquiring into his competence to stand trial at
the time it accepted his plea, and that the trial court abused its discretion
in overruling his motion for new trial.  We affirm.

 

Background

Appellant was charged by indictment with three counts of aggravated
sexual assault and one count of sexual assault.  Prior to trial, Appellant’s
attorney filed a motion for a reduction of bond that included a suggestion that
Appellant was incompetent to stand trial and a request that an expert be
appointed to examine Appellant.  See Tex.
Code Crim. Proc. Ann. arts. 46B.004(c), 46B.005 (Vernon 2006).  A hearing
was held on Appellant’s motions for a lower bond and appointment of an expert on
January 3, 2008.  The State did not object to an examination, and the trial
court appointed a doctor to examine Appellant.

Dr. Joseph Kartye examined Appellant and concluded that he was
competent to stand trial.  In his report, Dr. Kartye wrote that Appellant previously
had a brain tumor that had been surgically removed.  He also noted that Appellant
had a history of seizures and concluded that he had some form of epilepsy.  He
noted that Appellant took anticonvulsant medication.  Appellant denied to Dr.
Kartye that he had any recollection of the sexual assaults he was accused of
committing.  Dr. Kartye reached no conclusion as to whether Appellant was
telling the truth about not remembering the sexual assaults. 

On September 9, 2008, Appellant pleaded no contest to the charges
against him.  The trial court inquired about any medication Appellant was
taking and about his state of mind generally.  Appellant reported that he had a
reaction to the medication that he had been taking and that he was not taking
it at that time.  He said that not taking the medication did not affect his ability
to understand the proceedings.  When asked if he knew what he was doing when he
committed these crimes, Appellant at first said, “No.”  However, after
consulting with his attorney he said, “Yes, sir, I was,” and went on to explain
that he was working and “living a normal-day life” at that time.  When asked
again, he said that he did not know what he was doing when he committed the
offenses.  He explained, “I have blackout seizures.  I didn’t understand what I
was doing.”  The court pressed further, and Appellant testified that he was not
claiming he was insane at the time of the offense or that his actions were
involuntary.  The trial court admonished Appellant as to the seriousness of the
charges and the rights he was giving up by pleading no contest.  Appellant persisted
in his plea of no contest, and the trial court accepted his plea.

The trial court held a sentencing hearing on March 3, 2009.  At that
hearing, the court realized that the parties had incorrectly identified the
offense level for one of the charged offenses.  Appellant was charged with
three first degree felonies and one second degree felony.  The parties had
assumed that four first degree felonies were alleged, and the trial court had
given admonishments on that basis.  After realizing the mistake, the trial
court admonished Appellant of his constitutional rights and accepted another
plea of no contest to the fourth count.  Thereafter, the trial court assessed
punishment at imprisonment for thirty years on each of the first degree counts
and for twenty years on the second degree count.  The court ordered the
sentences to be served consecutively.  

On April 2, 2009, Appellant filed a motion for new trial.  In that
motion he asserted that his “mental state rendered him incapable of understanding
the waiver of Jury Trial and waiver of appeal” and that his mental health had “become
worse since sentencing.”  As evidence of the latter assertion, the motion
referenced a letter that Appellant had written to his attorney.[1]

The trial court conducted a hearing on April 20, 2009 on Appellant’s
motion for new trial.  That same day, Appellant’s counsel filed a motion
suggesting that Appellant was incompetent and requesting that an expert be
appointed to examine him.  At the hearing, Appellant testified that he had
trouble remembering the plea hearing and that he had started taking medicine
after he was transferred to a prison facility.  The State called the probation
officer who met with Appellant after his initial plea hearing to prepare a
presentence investigation report.  The officer testified that Appellant
appeared to be rational in several meetings she held with him, was able to
answer her questions, and that he appeared to understand what was happening. 
She also testified that she was present at the sentencing hearing and that Appellant
appeared to understand what was transpiring.  

At the conclusion of the hearing, the trial court overruled Appellant’s
motions for new trial and for a competency examination.  This appeal followed.

 

Plea Hearing

In his first issue, Appellant argues that the trial court erred in
accepting his plea of no contest without making further inquiry into his
competency to stand trial.

Applicable Law and
Standard of Review

A person is incompetent to stand trial if he lacks (1) a
sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding; or (2) a rational as well as factual understanding
of the proceedings against him.  Tex.
Code Crim. Proc. Ann. art.  46B.003
(Vernon 2006).  Either party may suggest by motion, or the trial court may
suggest on its own motion, that the defendant may be incompetent to stand
trial.  See Tex. Code Crim. Proc.
Ann. art. 46B.004(a).  If the trial court has a bona fide doubt as to the
competency of the defendant, the court shall conduct an informal inquiry to
determine if there is evidence that would support a finding of incompetence.  Id.,
art. 46B.004(c); Montoya v. State, 291 S.W.3d 420, 425 (Tex.
Crim. App. 2009).  A bona fide doubt may exist if the defendant exhibits truly
bizarre behavior or has a recent history of severe mental illness or at least
moderate mental retardation.  Montoya, 291 S.W.3d at 425.  If,
after an informal inquiry, the trial court determines that evidence exists to
support a finding of incompetency, the trial court is required to order an
examination of the defendant.  Tex. Code
Crim. Proc. Ann. art.  46B.005(a)
(Vernon 2006). 

We review a trial court’s decision not to conduct an informal
competency inquiry under an abuse of discretion standard.  See Moore v.
State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).  If a trial court conducts
an informal inquiry into a defendant’s competence to stand trial, we review the
adequacy of that inquiry for an abuse of discretion.  See Luna v. State,
268 S.W.3d 594, 600 (Tex. Crim. App. 2008).  A defendant is presumed competent
to stand trial, but that presumption may be overcome by a preponderance of the
evidence to the contrary.  See Tex.
Code Crim. Proc. Ann. art. 46B.003(b).

Analysis

Appellant contends that evidence suggesting he may have been
incompetent was presented when he told the court at the plea hearing that he
was not taking his medication.  At the time Appellant told the trial court he
was not taking his medication, the court knew that Appellant had been examined
by an expert and found to be competent.  Appellant had told the expert that he
was taking anticonvulsant medication.  

The court did not ignore the new information.  Instead, the court
asked Appellant a series of questions about his understanding of the
proceedings and his understanding of the crimes he was charged with
committing.  Additionally, Appellant’s counsel indicated that he did not wish
to pursue an insanity defense or argue that Appellant’s actions were
involuntary.  Although he initially stated that he did not know what he was
doing when he committed the charged offenses, Appellant did not otherwise make
any statements or commit any acts that suggested he had a severe mental illness
or was mentally challenged, nor did he engage in any “truly bizarre acts.”  See
McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).  

Appellant’s statement that he was not taking his medication, in
light of the competency evaluation completed prior to his plea hearing, caused
the trial court to make an inquiry as to his state of mind.  This is precisely
the adjustable inquiry that the statutory scheme anticipates.[2] 
The trial court responded appropriately to the information before it by
satisfying any concerns that were raised, and we hold that the trial court did
not abuse its discretion by ending the inquiry after being satisfied that there
was no evidence to support a finding of incompetency.  We overrule Appellant’s
first issue.

 

Motion for New Trial

            In his
second issue, Appellant argues that the trial court erred in overruling his
motion for new trial and denying his request for a postconviction competency
evaluation.  

Applicable Law and
Standard of Review

            Motions for new trial may be
granted for a number of reasons, including in the interest of justice.  Tex.
R. App. P. 21.3; State v. Aguilera,
165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005) (citing State v. Gonzalez,
855 S.W.2d 692, 694 (Tex. Crim. App. 1993)).  A convicted person may raise the
issue of competency to stand trial in a motion for new trial and may present
evidence developed after trial in support of that motion.  See Brown v.
State, 960 S.W.2d 772, 778 (Tex. App.–Dallas 1997, pet. ref=d).[3]   We evaluate
a trial court=s decision to deny a motion for
new trial for an abuse of discretion.  See
Holden v. State,
201 S.W.3d 761, 763 (Tex. Crim. App. 2006). 
In
reviewing the record to determine whether sufficient evidence is raised to
create a bona fide doubt about a defendant’s competency to stand trial, we must
“afford almost total deference to a trial court’s determination of the
historical facts that the record supports[,] especially when the trial court’s
fact findings are based on an evaluation of credibility and demeanor.”  McDaniel,
98 S.W.3d at 713 n.28.  

Analysis

            The trial court held a hearing on
Appellant’s motion for new trial.  The court ordered the hearing, at least in
part, because Appellant’s counsel alluded to a letter he had received from
Appellant in the motion for new trial.  The letter was not attached to the
motion, and the court asked about it at the hearing.  

Both the
State and Appellant presented evidence at the hearing.  Appellant presented his
own testimony as well as the letter referenced in his motion.  The letter is to
his attorney and is a rambling request for assistance in which he says that he
needs to talk to his counsel and that someone is trying to hurt him.  The State
presented the testimony of the probation officer who prepared the presentence
report. 

            The trial court, by
allowing this inquiry, essentially duplicated the informal inquiry practice required
by article 46B.004(c).  The court did not go further and order an examination as
provided for by article 46B.005(a).  But it is not clear that the trial court
was in a position to do so.  Article 46B.005 is prospective in nature, allowing
the trial court to order an examination to determine whether the “defendant is
incompetent to stand trial.”[4]  Id. The
statute does not specifically provide for an examination to determine if a
convicted person had been incompetent to stand trial, and the logistics of such
a procedure would be complicated because a trial court maintains jurisdiction
on a motion for new trial only for seventy-five days after the conclusion of
the sentencing hearing.  See Tex.
R. App. P. 21.8(a).  Even if article 46B.005 did apply, however, the
trial court’s decisions not to order an examination and to overrule Appellant’s
motion for new trial are supported by the record.

The expert
who evaluated Appellant prior to his plea wrote in his report that Appellant reported
he had “blacked out” during the commission of the charged offenses.  The expert
noted that Appellant appeared to be concerned about his lack of recollection, but
that the examiner could not make a determination as to whether Appellant “was
telling the truth about this.”  The examiner allowed that if Appellant had experienced
a seizure and or been drinking heavily before the incident, there was a
possibility that he might have “amnesia” about the event.  On the other hand,
the examiner concluded that if there was a history of related behaviors, it was
unlikely that “seizures played any role in the alleged offense.”

In light
of the expert’s report, Appellant’s claim that he had no recall of the events
is difficult to reconcile with the nature of the offenses.  According to a
police report that was admitted into evidence, Appellant sexually assaulted two
young women, one his daughter and the other his stepdaughter, over a period of
years.  The final assault included Appellant physically assaulting the stepdaughter,
cutting a power cord and threatening to shock her, placing a shotgun in her
mouth, and finally having sexual intercourse with the young woman.  Later that
day, he sexually assaulted his daughter before leaving for work.  Appellant was
arrested that evening at work, but not before he attempted to flee from the
police.

At the
motion for new trial hearing, Appellant testified that he was presently taking
medication––he could not testify as to the kinds or names of medications he was
taking––and that he had not been taking medication at the time of his plea.  He
testified that he had trouble remembering the previous hearing.  Despite
claiming to be doing better, he said that he “can remember a little bit of
stuff that’s occurring and what’s going on.”  He testified that he could
remember “[n]ot too much of anything” from the plea and sentencing hearing.

There is
no evidence Appellant has a mental illness or that he is not competent generally.
 Instead, he presents a claim that he blacks out for intermittent periods of
time and that he is unable to remember later what had occurred. These periods
of time include when he was sexually assaulting his daughters and when he was
pleading no contest to those charges and being sentenced. The examiner was
skeptical of this claim but was unable to conclusively determine whether Appellant
was being truthful.

By
contrast, the trial court observed Appellant during a period of time that he
later claimed to have been unable to remember.  The trial court also heard
testimony from the probation officer who met with and interviewed Appellant and
who sat though the same hearings.  Finally, the court saw the letter written by
Appellant after he had been sentenced.  When faced with conflicting testimony
regarding Appellant’s mental condition, the trial court, as finder of fact at
the hearing, was entitled to assess the credibility of witnesses and believe or
disbelieve any testimony presented.  See, e.g., Purchase v.
State, 84 S.W.3d 696, 700 (Tex. App.–Houston [1st Dist.] 2002, pet. ref’d). 


Appellant’s
testimony, if believed, presented a scenario where his plea of no contest was
made when he was in a “blackout” state and he could not remember the specifics
of the plea or sentencing hearings.[5]  Assuming that this is
evidence that Appellant would not have understood the proceedings or been
unable to assist in his defense, the trial court could not have denied Appellant’s
motions if it believed his testimony.  On the other hand, the only evidence
that suggests Appellant may have been incompetent is his own testimony.  The
trial court’s ruling is an implicit finding of a lack of confidence in Appellant’s
credibility as a witness.  This assessment is supported by the record and
within the court’s discretion.  Accordingly, we hold that the trial court did
not abuse its discretion in denying Appellant’s motion for new trial.  For the
same reason, the trial court’s denial of Appellant’s motion for further
examination is supported by the record.  Appellant’s testimony, in light of all
the evidence before the trial court, did not demonstrate that there was
evidence to support a finding of incompetence.  We overrule Appellant’s second
issue.

 

Disposition

            Having overruled Appellant’s
two issues, we affirm the judgment of the trial court.

                                                                                    

 

                                                                             Sam
Griffith

                                                                                  
  Justice

 

 

 

Opinion
delivered February 26, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)









[1] The letter is not in the clerk’s
record and was not attached to Appellant’s motion for new trial.  Appellant offered
a handwritten letter at the hearing on the motion for new trial.





[2] In Smallwood v. State,
296 S.W.3d 729, 737 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (Sullivan,
J., concurring), Justice Sullivan offers a list of twenty questions that he
suggests trial court judges ask when confronted with a defendant who may be
incompetent.  We agree with Justice Sullivan that more probing questioning
would be helpful in cases where there is more evidence that the person was
incompetent.  Id.  In this case, most of those questions had been
asked of Appellant during his competency examination, and the trial court had
the opportunity to observe Appellant testify both before and after the
competency examination.  





[3] This court has held that the
general standard of review for a motion for new trial applies to postconviction
proceedings when the issue of competency is raised.  See Beltran
v. State, No. 12-06-00390-CR, 2007 Tex. App. LEXIS 9337, at *3-4 (Tex.
App.–Tyler Nov. 30, 2007, pet. ref’d) (mem. op., not designated for
publication).  Citing Lassiter v. State, 283 S.W.3d 909, 925–26
(Tex. App.–Beaumont 2009, pet. ref’d), Appellant asks this court to reconsider Beltran
and argues that there was a bona fide doubt as to Appellant’s competency and
the trial court should have ordered an examination.  We note that the relevant
statutes are prospective in terms of their reference to a person’s being
incompetent for an upcoming trial.  See Tex. Code Crim. Proc. Ann. arts. 46B.004, 46B.005.  Even so, we need not reach this issue
because, as we explain in the decision, the trial court did not err under the
standard Appellant proposes.  





[4] The statutory scheme anticipates
that the issue of competency may arise during trial.  See Tex. Code Crim. Proc. Ann. art. 46B.005(d).  In such a case, there is
a provision for the trial court to make a competency determination after a verdict. 
Id.  The statutory framework does not provide a specific
procedure to follow if the issue is raised after a defendant is sentenced.  See
also Morris v. State, No. PD-0240-07, 2009 Tex. Crim. App. LEXIS
1615, at *25-26 (Tex. Crim. App. Nov. 18, 2009) (“Texas' competency statutes
allow competency to be raised, by either party or the judge, at any time before
sentence is pronounced.”).





[5] There were actually two plea
hearings because the trial court had to correct some of the admonishments given
to Appellant before his first plea.