

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00039-CR

JEREMY WICKER                                              APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In January 2010, pursuant to a plea bargain agreement, Appellant Jeremy Wicker pled guilty to criminal solicitation of a minor, and the trial court placed him on five years' deferred adjudication community supervision. In March 2010, the State filed a motion to proceed with adjudication. At the hearing on the State's motion, the trial court asked Appellant if he had "ever had any mental health problems." Appellant informed the trial court that he has Asperger's syndrome,

---

[1]*See* Tex. R. App. P. 47.4.

that he should be on medication, and that he had not been able to take his medication since being confined in jail nine months earlier. The trial court then had a brief discussion with defense counsel about Appellant's competence. Defense counsel stated that Appellant understood what defense counsel told him, that Appellant was "able to converse with [defense counsel] in a competent manner," and that defense counsel did "not believe there [was] an issue regarding [Appellant's] competence." The trial court then asked Appellant if he thought he understood "what's going on today," to which Appellant answered, "Yes, ma'am."

The trial court accepted Appellant's pleas of "true" to all of the allegations in the State's motion. The trial court then proceeded with adjudication. One of Appellant's witnesses was Dr. Dan Creson, a psychiatrist who had evaluated Appellant. Creson testified that Appellant has trouble with "understanding the social implications of what he does and how he understands the world in which he lives."

The trial court found the allegations in the State's motion true, adjudicated Appellant guilty, and sentenced him to ten years' confinement and a fine of $1,000.

In five points, Appellant challenges the validity of his pleas of true to the allegations in the petition, arguing that the trial court abused its discretion by failing to conduct an adequate informal inquiry into his competence under article 46B of the Texas Code of Criminal Procedure and that this error affected his

2

substantial rights; that the bona fide doubt as to his competence rendered his pleas constitutionally invalid under both the state and federal constitutions, and that the constitutional errors he alleges are structural and not subject to a harm analysis. Because the trial court committed no reversible error and because Appellant's pleas were valid, we affirm the trial court's judgment.

Article 46B.003 provides,

(a) A person is incompetent to stand trial if the person does not have:

(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against the person.

(b) A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.[2]

Appellant relies on evidence of his Asperger's syndrome and testimony of Dr. Creson that Appellant has trouble understanding the social implications of his actions and the world he lives in. Appellant argues that this is evidence that he lacks a rational understanding of the proceedings against him. He also argues that the trial court was obligated to make further investigation into his competence to stand trial because Article 46B.004 provides,

(b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own

---

[2]Tex. Code Crim. Proc. Ann. art. 46B.003 (West 2006).

3

motion shall suggest that the defendant may be incompetent to stand trial.

(c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.[3]

The trial court, however, inquired of Appellant and of his counsel whether Appellant was competent to stand trial. Appellant said that he had been in special education and was taking medication, but he did not suggest that he was unable to communicate with his attorney with a reasonable degree of understanding or that he lacked either a rational or factual understanding of the proceedings against him. In fact, in response to the trial court's question, Appellant stated that he understood what was going on in court. When the trial court specifically inquired into these matters with trial counsel, trial counsel assured the trial court that he was able to communicate effectively with Appellant and specifically stated that competence to stand trial was not an issue.

We review the trial court's actions under an abuse of discretion standard.[4] A trial court abuses its discretion when its decision is arbitrary or unreasonable.[5] Considering the record as a whole, we hold that the trial court did not abuse its discretion by not making additional inquiry regarding Appellant's competence to

---

[3]*Id.* art. 46B.004(b), (c) (West Supp. 2011).

[4]*Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

[5]*Id.*

4

stand trial. Indeed, the record reflects that the conscientious trial court made extensive and concerned inquiry into Appellant's competence. The trial court complied with both the letter and the spirit of both the applicable statutes and constitutional guarantees of due process.

We therefore overrule all of Appellant's five points on appeal and affirm the trial court's judgment.

                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

MEIER, J., filed a dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 23, 2012



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00039-CR

JEREMY WICKER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I dissent from the majority opinion because the trial court conducted an inadequate informal inquiry when it questioned Appellant Jeremy Wicker and his court-appointed counsel about Wicker's competency to stand trial.

If a bona fide doubt exists about the defendant's competency to stand trial, the trial court must conduct an informal inquiry to determine whether some evidence from any source supports a finding of incompetency. Tex. Code Crim.

---

[1]*See* Tex. R. App. P. 47.4.

Proc. Ann. art. 46B.004(c) (West Supp. 2011); *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009); *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009). A person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). The informal inquiry "allows the trial judge to . . . determine whether the behavior of the defendant during a proceeding indicates a lack of rational understanding." *Montoya*, 291 S.W.3d at 425.

At the beginning of the hearing on the State's motion to adjudicate, Wicker informed the trial court that he has Asperger's syndrome, that he was supposed to be taking medication for that condition, but that he had not taken any medication since being incarcerated sometime in March 2010.[2] Dr. Dan Creson testified that he evaluated Wicker in 2009 and that he concurred with Wicker's contention that he had Asperger's syndrome. According to Dr. Creson, Asperger's syndrome is part of the autistic continuum; a common symptom of the condition includes difficulty communicating. Knowing of Wicker's condition, the trial court asked Wicker a single question and Wicker's attorney a single question about Wicker's competency to stand trial. The trial court did not ask Wicker's

---

[2]The hearing took place in January 2011.

2

attorney if he had even known that Wicker has Asperger's syndrome, nor did the trial court ask any questions of Wicker about his ability to communicate with his attorney or of his Asperger's syndrome.

In my opinion, when the trial court learned that Wicker had Asperger's syndrome and that he had not taken medication for the condition since March 2010, it should have, at a minimum, posed more than just *one single* question to Wicker regarding his competency to stand trial. The trial court should have inquired further into Wicker's ability to communicate with his attorney and the effects, if any, of his Asperger's syndrome on his competency. I fail to see how— at the outset of the hearing and before an opportunity to sufficiently observe Wicker—the trial court could have gleaned from a single question whether Wicker could not consult with his attorney with a reasonable degree of rational understanding.

The inadequacy of the inquiry is apparent when compared to the informal inquiries made by other trial courts. In *Lawrence v. State*, the defendant told the trial court that he had been treated for depression, and in addition to questioning defense counsel, the trial court questioned the defendant if he had told his attorney about the condition, whether he understood the charges against him, whether he understood his conversations with his attorney, and whether he was able to explain his side of the case to his attorney. 169 S.W.3d 319, 323–25 (Tex. App.—Fort Worth 2005, pet. ref'd). In *Smallwood v. State*, in addition to questioning defense counsel, the trial court asked the defendant whether he was

competent, of sound mind, insane, or crazy; whether he knew what "competent" meant; whether he knew what the charges were against him; whether he had ever been told that he needed any special treatment or medical care for his condition; and whether he knew what he was doing when he committed the charged offense. 296 S.W.3d 729, 731–32 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In *Johnson v. State*, the trial court questioned the defendant about his plea, the charges against him, the punishment range for each offense, his court-appointed counsel, and his understanding of a guilty plea; whether he was on medication; whether he understood defense counsel; and whether he understood who the judge was and what his role was. Nos. 05-05-00464-CR, 05-05-00465-CR, 05-05-00466-CR, 05-05-00467-CR, 2006 WL 1000071, at *1 (Tex. App.—Dallas 2006, no pet.) (not designated for publication). And in *Gray v. State*, in addition to questioning defense counsel, the trial court inquired of the defendant whether he had reviewed and understood documents before signing them and what offense he was pleading guilty to. 257 S.W.3d 825, 828 (Tex. App.—Texarkana 2008, pet. ref'd).

Like the adequate informal inquiries conducted by the trial courts in *Lawrence*, *Smallwood*, *Johnson*, and *Gray*, the trial court in this case should have asked more than merely one question of Wicker once it learned that he has Asperger's syndrome but that he had not taken his medication since being incarcerated months earlier. The trial court could not have determined from the

4

brief colloquy that occurred at the outset of the hearing on the motion to adjudicate whether Wicker's behavior indicated a lack of rational understanding. Accordingly, I would hold that the trial court abused its discretion by performing an inadequate informal inquiry into Wicker's competency to stand trial. Because the majority holds that the trial court's inquiry was adequate, I respectfully dissent.


BILL MEIER
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 23, 2012


5