**Motions Denied and Order filed August 6, 2015**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00258-CR
## TOMMIE RAY LIMBRICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1389665**

---

## ORDER

Appellant filed a motion and amended motion for permission to file an out of time motion for new trial and requests this Court to abate this appeal and remand for a hearing on his motion for new trial. The State did not file a response.

Appellant claims that he was not represented by counsel during the entire 30-day period for filing a motion for new trial and was thereby prevented from presenting his claim of ineffective assistance of counsel. Trial counsel has a duty to represent the client throughout the appellate process or file leave to withdraw with the court. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (en banc) (retained counsel has not concluded a case until he has filed a motion to

withdraw if he knows his client intends to appeal). The Texas Court of Criminal Appeals in *Axel* held:

> [T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal. The decision to appeal belongs to the client.

*Id.* To prevail on a claim of deprivation of counsel during the time to prepare, file, and present a motion for new trial, appellant must affirmatively prove that he was not represented by counsel during this critical stage of the proceedings. *See Garcia v. State*, 97 S.W.3d 343, 347 (Tex.App.—Austin 2003, no pet.) (citing *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (en banc)). When the record does not reflect that trial counsel withdrew or was replaced by new counsel after sentencing, there is a rebuttable presumption that trial counsel continued to effectively represent the defendant during the time limit for filing a motion for new trial. *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000) (Johnson, J., concurring).

The record reflects, and appellant concedes, that trial counsel did not file a motion to withdraw and there is no order allowing counsel to withdraw. Accordingly, the record does not establish appellant was entirely without counsel during the critical stage to file a motion for new trial. *See Rogers v. State*, 14-09-00665-CR, 2011 WL 7290492, *2 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, no pet.) (mem. op.) (not designated for publication).

Appellant refers to the fact that on March 2, 2015, appellant filed a pro se notice of appeal requesting appointment of appellate counsel. Appellant's notice of appeal is insufficient to rebut the presumption of adequate representation. *See Smallwood v. State*, 296 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Moreover, appellant's timely-filed pro se notice of appeal is evidence he was advised of at least some of his rights, and we presume that he was adequately represented unless the record affirmatively demonstrates otherwise. *See Oldham*, 977 S.W.2d at 363.

Appellant claims in his motion that trial counsel "informed the appellant that he would not represent him on appeal, and filed a Certification of Appeal which indicated that the appellant's case was a plea bargain case, and appellant had no right to appeal." Appellant's affidavit asserts no facts regarding the above claims. It states only that "[t]he allegations listed in the aforementioned Motion for New Trial are correct and true to the best of my knowledge."

The record reflects that on the trial court's certification of the defendant's right of appeal ("CORTA") filed February 13, 2015, the box is checked that provides this case "is not a plea-bargain case, and the defendant has the right of appeal." The box providing this "is a plea-bargain case, and the defendant has NO right of appeal" is also checked but it is crossed out. The CORTA is signed by defendant's trial counsel. The CORTA does not reflect that trial counsel filed the CORTA or that trial counsel marked the incorrect box. Regardless, the CORTA is signed by appellant and states "I have also been informed of my rights concerning any appeal of this criminal case." Neither appellant's motion nor his affidavit contradicts this statement.

Appellant's motion also asserts "Mr. Limbrick's affidavit confirms that trial counsel did not discuss potential issues for filing a motion for new trial with him."

However, appellant's motion makes no factual allegations regarding whether trial counsel conferred with him regarding the merits of an appeal or a motion for new trial.

There is a rebuttable presumption a defendant's trial counsel continued to represent the defendant adequately during this critical stage. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007).

> When a motion for new trial is not filed, courts apply a rebuttable presumption that the attorney discussed the merits of the motion for new trial with the appellant, and the appellant rejected it. *Oldham*, 977 S.W.2d at 363. The Court of Criminal Appeals indicated that appropriate rebuttal evidence would show that "trial counsel thought that his duties were completed with the end of trial, and had thereafter abandoned the appellant." *Id*. Under *Oldham* and its progeny, an appellant's statement that he has not been represented since sentencing is not enough to rebut the presumption of effective assistance. *See id*. at 363; *Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000). Appellant must also show that counsel did not confer with him regarding the merits of filing of a motion for new trial. *See Smith*, 17 S.W.3d at 663.

*Nguyen v. State*, 222 S.W.3d 537, 540 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Appellant's motion makes no allegations that, even if correct and true as averred to in his affidavit, show counsel failed to confer him.

Based on the record before us, we find appellant has not rebutted the presumption of adequate representation. *See Smallwood v. State*, 296 S.W.3d 729, 734-35 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000), and *Oldham*, 977 S.W.2d at 362–63. Accordingly, appellant's motions are denied.

PER CURIAM

Panel consists of Justice Christopher, Brown and Wise.
